In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-099 CV


____________________



IN RE STARFLITE MANAGEMENT GROUP, INC., 


d/b/a STARFLITE AVIATION







Original Proceeding






OPINION


 Relator, StarFlite Management Group, Inc., d/b/a/ StarFlite Aviation ("StarFlite"),
has filed a petition for writ of mandamus alleging an abuse of discretion by the trial court
in the signing of a discovery order that granted the motion of real party-in-interest, Mary
Trahan, (1) to compel StarFlite to produce certain financial documents. On March 11, 2005,
we temporarily stayed the trial court's order and requested a response by Ms. Trahan. We
conditionally grant mandamus relief and vacate our stay order. 

 The underlying suit stems from the crash of an aircraft on September 20, 2003, in
which Ms. Trahan's husband, Ronald Keith Trahan, was killed. Two other individuals
also perished in the crash. It is alleged that at the time of the crash Ronald Keith Trahan
and the two other decedents were employees or independent contractors of StarFlite.
According to the accident report compiled by the National Transportation Safety Board,
the three decedents were licensed pilots and held flight instructor certificates as well. At
the time of Respondent's ruling, Trahan framed her cause of action as follows: 

 Plaintiffs further allege that the negligence of Defendants, their
agents, servants, and employees, was a proximate cause of the injuries and
damages in question. Plaintiffs would show that at all times material hereto,
Defendant Starflite was eligible to become a subscriber under the Workers'
Compensation laws of the State of Texas; but failed and refused to become
a subscriber and, therefore, Defendant Starflite is unable to urge as a bar to
recovery contributory negligence; injury caused by the negligence of a
fellow servant, and its statutory defenses by Texas Labor Code § 406.033
have been removed.


 . . . .


 RONALD KEITH TRAHAN, Deceased, suffered severe and fatal
injuries as a proximate result of the negligent acts and/or omissions of the
Defendants. . . . 


 We find the following procedural history of the underlying litigation to be pertinent:

 1. December 1, 2004. Oral deposition of defendant, John S. Beeson, taken.


 2. December 6, 2004. Oral deposition of defendant, David Trigg, taken. 



 3. December 6, 2004. Oral deposition of defendant, William Jeffrey (Jeff)
Ware, taken. 


 4. January 4, 2005. "Plaintiff's First Supplement To Motion For Sanctions
Against StarFlite and/or David Trigg; To Motion To Continue Hearing On
Motion For Summary Judgment; And To Motion To Redepose John Beeson
and David Trigg" filed. 


 5. January 5, 2005. Trahan files her Sixth Amended Petition which adds,
as individual defendants, David Trigg and his wife, Jerri Trigg, Jeff Ware
and his ex-wife "Carla" Ware, and adds as a corporate defendant, CEMR,
Inc., a company owned by the David Trigg Children's Trust. This Sixth
Amended Petition appears to also add four additional allegations: "Single
Business Enterprise," "Alter Ego," "Fraudulent Transfer," and
"Partnership." 


 6. January 13, 2005. Hearing on Trahan's First Supplemental Motion For
Sanctions, etc. . . . Respondent denied motion for sanctions, but granted
motion to continue summary judgment hearing, and granted motion to re-depose defendants Beeson and David Trigg. At this hearing, document
production was not an issue raised by either party. 


 7. February 7, 2005. "Plaintiff's Motion To Compel Complete Response
To Discovery By Defendants" filed. The only apparent basis alleged for
Trahan's need for "complete responses" was stated as: "In order to fully
conduct the re-depositions of Beeson and David Trigg, and in order to fully
depose Jerri Trigg, it is necessary to have all responsive discovery materials
produced so that they can be reviewed and organized prior to their
depositions." 


 8. February 11, 2005. Hearing on Trahan's Motion To Compel, and on
StarFlite's Motion To Bifurcate and Special Exceptions. Respondent granted
StarFlite's Special Exceptions and strongly suggested Trahan plead more
factual basis for her various allegations. Respondent reserved his ruling on
the Motion To Bifurcate until closer in time to trial. Respondent orally
granted Trahan's Motion To Compel, finding, inter alia, the production of
the documents in question not to be unreasonably burdensome,
notwithstanding Jeff Ware's affidavit to the contrary. 


 9. February 14, 2005. Defendant John S. Beeson re-deposed. 


 10. March 4, 2005. Defendant Jerri Trigg deposed, and defendant David
Trigg re-deposed. 


 11. March 9, 2005. Respondent signs written order granting Trahan's
Motion To Compel Complete Response To Discovery by StarFlite, and
ordering StarFlite to comply on or before March 14, 2005. 


 StarFlite's mandamus petition contends the Respondent's order compelling
production is an abuse of discretion because: (1) disclosure of the requested documents
violates the privacy rights of StarFlite and of others involved in the underlying litigation;
(2) the discovery being sought is entirely irrelevant to any issue in the underlying
litigation; (3) the requested discovery is entirely overbroad and harassing; and (4) the
requested discovery on insurance matters is entirely outside the permissible scope of
discovery. The March 9, 2005, order requires StarFlite to produce to Trahan "true and
correct copies" of the following: 

 A. All documents relating to the shopping for, procurement of, and/or
purchase of the insurance in force on the aircraft in question (N45BP) on the
date of the incident made the basis of this lawsuit. 


 B. All StarFlite cancelled checks from January 1, 2000 to present.


 C. All StarFlite bank statements or other records showing the assets, debits
and credits of the company from January 1, 2000 to present.


 D. All credit card statements, bills, invoices, summaries of charges, details
of charges, or other similar documents for which the bill or invoice or detail
of charges was paid, in whole or in part, by StarFlite, from January 1, 2000
to present.


 E. The tax returns of StarFlite from January 1, 2000 to present.


 F. Documents demonstrating that the sums withheld from the paychecks of
Keith Trahan, David Howard and Santiago Miravete in 2003 as "social
security" or "Medicare" withholding were in fact remitted to the appropriate
taxing authorities in a timely manner.


 G. QuickBooks or other similar computer database reports or documents for
the time period January 1, 2000 to present pertaining to:


 1. Any and all loans to or from StarFlite (with all activity
related thereto);


 2. All payments of whatever kind or character, whether
categorized as payments of equity, debt, wage, salary,
consultant fee, or other remuneration, by StarFlite; and 


 3. All payments of whatever kind or character, whether
categorized as payments of equity, debt, wage, salary,
consultant fees, or other remuneration by StarFlite to John
Beeson, David Trigg, Jerri Trigg, or other corporations or
partnerships in which John Beeson and/or Jeff Ware and/or
David Trigg and/or Jerri Trigg have an ownership interest. 


 H. State, for each payment to any credit card company made by StarFlite
from January 1, 2000 to present: Date of payment; Amount of payment;
Reason(s) for incurrence of underlying obligation which was paid; Business
reason, if any, for payment of this charge by StarFlite; and Name of person
or entity on card. 


 Mandamus relief is appropriate only if the trial court abused its discretion or
violated a legal duty, and there is no adequate remedy at law. In re Dana Corp., 138
S.W.3d 298, 301 (Tex. 2004) (orig. proceeding) (citing Walker v. Packer, 827 S.W.2d
833, 839 (Tex. 1992)(orig. proceeding)). "A trial court's ruling that requires production
beyond what our procedural rules permit is an abuse of discretion." Id. (citing Texaco,
Inc. v. Sanderson, 898 S.W.2d 813, 815 (Tex. 1995)(orig. proceeding)). "If an appellate
court cannot remedy a trial court's discovery error, then an adequate appellate remedy
does not exist." Id. Where a discovery order is overbroad in that it compels production
of patently irrelevant or duplicative documents, or requires production of documents from
an unreasonably long time period, there is no adequate remedy by appeal. See In re CSX
Corp., 124 S.W.3d 149, 151-53 (Tex. 2003)(orig. proceeding). Such an order imposes
a burden on the producing party far out of proportion to any benefit that may obtain to the
requesting party. Id. at 153. 

 The rules of civil procedure define the general scope of discovery as any relevant,
unprivileged information, even if inadmissible at trial, that "appears reasonably calculated
to lead to the discovery of admissible evidence." See Tex. R. Civ. P. 192.3(a); In re CSX,
124 S.W.3d at 152. Although the scope of discovery is broad, requests must show a
reasonable expectation of obtaining information that will aid the dispute's resolution. Id. 
Therefore, discovery requests must be "reasonably tailored" to include only relevant
matters. Id. at 153 (citing In re Am. Optical Corp., 988 S.W.2d 711, 713 (Tex.
1998)(orig. proceeding)).

 Our resolution of the issue before us is significantly hindered by the fact that we
have not been provided with a copy of Trahan's re-pleaded cause of action. As our
procedural rules tie scope of discovery to any unprivileged information that is "relevant
to the subject of the action," it would seem necessary to have a properly-pleaded cause of
action before us in order to determine if the various documents ordered produced are
"relevant to the subject of the action," or if the order is fatally overbroad. Further
complicating our analysis is the fact that only three days after the February 11 hearing,
Trahan proceeded to re-depose John Beeson; and David Trigg was re-deposed and Jerri
Trigg was deposed, three weeks after the February 11 hearing. Trahan made no objection,
complaint, or any mention of further non-production by StarFlite. Indeed, the record
before us indicates that Trahan introduced an additional twenty-three exhibits during John
Beeson's second deposition, ten additional documentary exhibits at David Trigg's second
deposition, and one documentary exhibit during Jerri Trigg's deposition. 

 The entire basis of Trahan's lawsuit is the bare allegation of negligence on the part
of all defendants for the September 20, 2003, plane crash. The sixth amended petition
includes pleading on alter ego and other means of piercing the corporate veil. The various
doctrines for piercing the corporate veil are not substantive causes of action. See Specialty
Retailers, Inc. v. Fuqua, 29 S.W.3d 140, 147 (Tex. App.--Houston [14th Dist.] 2000, pet.
denied). Instead, they are a means of imposing on an individual a corporation's liability
for an underlying cause of action. Id. (citing Farr v. Sun World Sav. Ass'n, 810 S.W.2d
294, 297 (Tex. App.--El Paso 1991, no writ)). "The results are remedial, expanding the
scope of potential sources of relief." Fuqua, 29 S.W.3d at 147. "Without an underlying
cause of action creating corporate liability, evidence of an abuse of the corporate form is
immaterial." Id. 

 In determining whether mandamus should issue, we would normally confine our
focus to the record that was before the trial judge when the complained-of ruling was
made. See In re Bristol-Myers Squibb Co., 975 S.W.2d 601, 605 (Tex. 1998) (orig.
proceeding). However, as Trahan notes in her response to the petition for writ of
mandamus, "[s]ome of the discovery and documents attached to Real Party in Interest's
Appendix were generated after the hearing at which the Motion was orally granted and
certainly were not made known to the [Respondent] before signing the Order complained
of." These include the deposition of Jerri Trigg, and the second depositions of David
Trigg and John Beeson. 

 In pretrial discovery matters, the party attempting to restrict discovery has the
burden of pleading and proving the basis for the desired limitation. See Kern v. Gleason,
840 S.W.2d 730, 735-36 (Tex. App.--Amarillo 1992, orig. proceeding). By affidavit, 
StarFlite's President, Jeffrey Ware, indicates that the documents requested by Trahan are
not relevant to any issue in the case and would be burdensome to produce. Ware does not
make a claim that any of the documents in question are privileged or immune from
production, and there is no presumption that documents are privileged. See In re E.I.
DuPont de Nemours and Co., 136 S.W.3d 218, 225 (Tex. 2004) (orig. proceeding). 
Furthermore, Ware's affidavit repeatedly refers to StarFlite's having produced all
documents relating to its transactions with John Beeson, but fails to make any mention of
the existence of any StarFlite documents involving transactions with or for defendants
David Trigg, Jerri Trigg, Jeffrey Ware, Karla Ware, or CEMR, Inc. Additionally, Ware's
affidavit appears to misstate the relevancy standard embodied in Tex. R. Civ. P. 192.3(a). 
To be discoverable, the information sought need not establish a claim or relate directly to
only one of several named defendants, but need only appear "reasonably calculated to lead
to the discovery of admissible evidence." Id. Notwithstanding these inadequacies in
StarFlite's proof, a proper discovery order must be "reasonably tailored" to include only
relevant matters. See In re CSX, 124 S.W.3d at 152. 

 We reiterate that the parties have failed to provide us with a copy of Trahan's
amended petition, but they have included "discovery and documents" that were not before
Respondent at the time of his oral pronouncement granting Trahan's Motion To Compel. 
Also at this time, we have been made aware of five additional defendants that appear to
have some relevance to Trahan's various remedial theories of "piercing the corporate
veil." Therefore, any further production of documents by StarFlite to Trahan, as reflected
in Respondent's discovery order of March 9, 2005, must be strictly limited in scope to
only such corporate documents, reports, or other similar information in which appear the
names, individually or in any combination, of the following defendants: John Beeson, (2)
David Trigg, Jerri Trigg, Jeffrey Ware, Karla Ware, and/or CEMR, Inc. We do not find
the starting date of January 1, 2000, to involve "an unreasonably long time period" under
the facts and circumstances presented. See In re Dana Corp., 138 S.W.3d at 301. 
Without more specific information as to what documents or other financial information
StarFlite has produced, and without a properly pleaded cause of action on Trahan's part,
we are constrained from further tailoring the Respondent's order without first permitting
Respondent to examine the newly generated "discovery and documents" in light of
Trahan's newly-amended pleadings. (3) 

 For the foregoing reasons, we conditionally grant mandamus relief to StarFlite. We
direct the trial court to modify its order to limit the production of the corporate financial
and business documents of StarFlite Management Group, Inc. d/b/a StarFlite Aviation to
said documents which explicitly refer, by name, to the defendants John Beeson, David
Trigg, Jerri Trigg, Jeffrey Ware, Karla Ware, and/or CEMR, Inc. for the periods from
January 1, 2000, to the present. The writ will issue only if the trial court does not modify
its order. 

 WRIT CONDITIONALLY GRANTED.


 PER CURIAM



Submitted on March 23, 2005

Opinion Delivered April 21, 2005


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. The underlying lawsuit, trial court cause number A-171,169, is Mary Trahan, et
al. v. StarFlite Management Group, Inc., et al. 
2. Beeson is not a "new" defendant as he appears to have been named by Trahan
prior to the filing of her Sixth Amended Petition. 
3. For "alter ego" purposes, it has been noted that a trial court may consider the
following as proof: (1) the payment of alleged corporate debts with personal checks or
other commingling of funds: (2) representations that the individual will financially back
the corporation; (3) the diversion of company profits to the individual for his personal use;
(4) inadequate capitalization; and (5) other failure to keep corporate and personal assets
separate. See Morris v. Powell, 150 S.W.3d 212, 220 (Tex. App.--San Antonio 2004, no
pet.) (citing Mancorp, Inc. v. Culpepper, 802 S.W.2d 226, 228 (Tex. 1990)).