## In re SENIOR LIVING PROPERTIES, L.L.C. and SLP Management, Inc., Relators.

### No. 12–01–00357–CV.

Court of Appeals of Texas,
Tyler.

Jan. 16, 2002.

Timothy Lee, David Hill, David Marks, Houston, for real parties in interest.

Lee Cameron, Dallas, for relators.

Panel consisted of DAVIS, C.J., WORTHEN, J., and GRIFFITH, J.

JIM WORTHEN, Justice.

Senior Living Properties, L.L.C. and SLP Management, Inc. ("Relators") bring this petition for writ of mandamus complaining of the trial court's order requiring Relators to present a corporate representative with knowledge of certain insurance related issues for deposition. For the reasons discussed below, we deny Relators' petition.

### BACKGROUND

In the underlying lawsuit, Plaintiff Vicki Thacker ("Thacker"), individually, as representative of all wrongful death beneficiaries, and as legal heir and representative

of the estate of Clara Thacker, deceased, alleges that the deceased sustained injuries while a resident at Upshur Manor Nursing Home in Glimer, Texas and that the deceased's injuries were caused, in part, by Relators' failure to provide competent and adequate staffing at the facility. In her original petition, Thacker sought disclosure of any indemnity or insuring agreements pursuant to Texas Rule of Civil Procedure 194.2(g). Tex.R. Civ. P. 194.2(g). Subsequently, Thacker served the following interrogatory on Relators:

> With regard to any insurance policy which provides coverage to Defendant for any injuries made the basis of this claim: (a) identify all applicable policies by name of the insurer and policy period; and (b) state the number of claims and the total amount of erosion for each applicable policy period.

On August 20, 2001, Relators, through their counsel, lodged several objections to this interrogatory and referred Thacker to its responses to Thacker's request for disclosure. It is undisputed that copies of all but one of the applicable insurance policies were ultimately provided to Thacker.

On October 30, 2001, Relators' counsel filed a motion to withdraw from the case due to Relators' failure to pay fees and expenses, which was granted on November 5. On November 6, 2001, Thacker filed an Emergency Motion to Compel the Deposition of the Person with Knowledge of Relevant Insurance. In this motion, Thacker argued that based on Relators' failure to respond to the above-referenced interrogatory and Relators' attorneys' withdrawal due to Relators' failure to pay fees and expenses, the court should order the deposition of Relators' corporate representative with the most knowledge of the following:

> a) the extent to which insurance has been eroded or compromised;

> b) the number of claims competing for the coverage applicable to the lawsuit;

> c) the degree to which present coverage is impaired by reason of the size of the Self Insured Retention aggregate applicable to this claim; and

> d) the financial ability of said Defendants to satisfy its Self Insured Retention under the relevant insurance policies applicable to the claims made the basis of this lawsuit.

On November 26, 2001, the trial court held a hearing on Thacker's motion. In addition to the grounds presented in the motion, Thacker argued at the hearing that a deposition was appropriate because she had determined that the numbers on the polices produced in this case were the same numbers on polices that were the subject of a federal lawsuit involving another insured that resulted in coverage being voided for that insured. In sum, Thacker asserted:

> And all we're asking the Court, Your Honor, is for the defendant to designate a representative that we can take the deposition of to find out what the situation is with insurance including what kind of erosion is going on with the policy that may be covering this case, whether or not it's involved in that federal lawsuit, and also any SIR that may be involved. We don't know if this company is fixing to go down or what's happening and we just need to get some information and we didn't know any other way to do it but to ask the Court to let us have this deposition quickly.

Thereafter, on November 28, 2001, the trial court signed an order granting Thacker's motion and directing Relators to produce for deposition a corporate representative who has the most knowledge of the following:

> a) all insurance coverage applicable to this lawsuit;

b) the extent to which insurance has been eroded or compromised, including but not limited to the number of claims competing for the coverage applicable to this lawsuit;

c) the effect, if any, of any pending litigation that would affect coverage in this case; and

d) information as to the Self Insured Retention applicable to this case and if any insurance coverage is impaired in any way as a result of the SIR.

On December 3, 2001, the Relators filed a petition for writ of mandamus [1] asking this court to direct the trial court to withdraw and vacate its November 28 order and to enter an order denying Thacker's motion to compel.

### STANDARD OF REVIEW

■ A writ of mandamus will issue "only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). "A trial court clearly abuses its discretion if 'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" *Id.* (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985)). Further, "[a] trial court has no 'discretion' in determining what the law is or applying the law to the facts. Thus, a clear failure to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ." *Id.* at 840.

### MAY A PARTY DISCOVER ONLY THE EXISTENCE AND CONTENTS OF INSURING AGREEMENTS?

■ In their first issue, Relators assert that, pursuant to Rule 192.3(f) of the Texas Rules of Civil Procedure, a party may discover *only* the existence and contents of insuring agreements. According to Relators, therefore, the trial court abused its discretion by ordering them to present a corporate representative to testify to the matters specified in the November 28 order. We disagree.

■ Rule 192.3(f) provides as follows:

(f) *Indemnity and Insuring Agreements.* Except as otherwise provided by law, a party may obtain discovery of the existence and contents of any indemnity and insuring agreement under which any person may be liable to satisfy part or all of a judgment rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment. Information concerning the indemnity or insurance agreement is not by reason of disclosure admissible in evidence at trial.

TEX.R. CIV. P. 192.3(f). By authorizing discovery of the existence and contents of insuring agreements, we do not interpret Rule 192.3(f) to preclude any further discovery on insurance issues should the facts of a particular case warrant such discovery. Rather, the rule provides for a certain minimum level of discovery on insurance issues in keeping with the rule in Texas that discovery of such information, while typically not admissible, "is needed to determine settlement and litigation strategy." *Carroll Cable Co. v. Miller*, 501 S.W.2d 299, 299 (Tex.1973) (orig.proceeding). In the trial court, Thacker presented the reasons referenced above as grounds for the discovery of insurance information beyond that explicitly authorized by 192.3(f). Because we conclude that Rule 192.3(f) does not preclude discovery of the information sought by Thacker, we cannot

---

1. Relators also filed an emergency motion to stay the operation of the November 28 order, which we granted pending further action by this court.

hold that the trial court abused its discretion in entering the November 28 order.

Under this issue, Relators also contend that "discovery of settlement amounts . . . would tend to have a chilling effect on parties' willingness to settle." We do not read the November 28 order to require the disclosure of settlements in individual cases. Instead, the order requires Relators to present a deponent who can testify concerning the extent to which coverage has been eroded or compromised and the number of claims competing for the coverage. Should Thacker ask questions in the deposition calling for the disclosure of individual settlement amounts, Relators' counsel may instruct the witness not to answer and obtain a ruling from the trial court. Tex.R. Civ. P. 199.5(f); 199.6. For the foregoing reasons, issue one is overruled.

### DOES THE NOVEMBER 28 ORDER REQUIRE THE DISCLOSURE OF PRIVILEGED INFORMATION?

In issue two, Relators contend that the trial court abused its discretion because the November 28 order requires disclosure of information protected by the attorney client and work product privileges.[2] More specifically, Relators argue that the order "purports to compel disclosure of Relators' evaluations of potential liability and exposure in connection with all pending claims and litigation." We disagree.

None of the four provisions in the order appear, on their face, to require disclosure of privileged information. Further, Relators' contention concerning the disclosure of privileged information is premature. If Thacker asks questions calling for the disclosure of privileged information, Relators' counsel may instruct the witness not to

answer on the basis of privilege and request a hearing at which Relators must present evidence to support the asserted privilege. Tex.R. Civ. P. 199.5(f); 199.6. In short, at this stage in the proceeding, the trial court has not had the opportunity to hold an evidentiary hearing and to rule on the propriety of a particular objection. Simply because a question *might* be asked at the deposition that calls for the disclosure of privileged information does not lead to the conclusion that the November 28 order was an abuse of the trial court's discretion. Issue two is overruled.

### DOES THE NOVEMBER 28 ORDER VIOLATE RELATORS' DUE PROCESS RIGHTS?

In issue three, Relators complain that the portion of the trial court's order concerning the "effect, if any, of any pending litigation that would affect coverage in this case" violates due process because such information was neither requested in Thacker's motion to compel nor argued at the hearing on the motion. Thacker asserts that this portion of the order arose out of the discussion of the federal litigation at the hearing. Having reviewed the record of the hearing, we agree with Thacker that the discussion of the federal litigation resulted in the complained of portion of the order. Relators did not lodge a due process objection at the hearing to consideration of the federal litigation. Accordingly, Relators failed to preserve this issue for our review. Tex.R.App. P. 33.1(a)(1)(A). Further, Relators had the opportunity to be heard on this issue. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950) (" 'The fundamental requisite of due process is the opportunity to be heard.' " (citation omitted)).

---

**2.** Although not the basis for our decision, we note that Relators failed to assert the attorney client privilege or the work product privilege

at the hearing on Thacker's motion. Tex R.App. P. 33.1(a)(1)(A).

Thus, we discern no violation of due process. Issue three is overruled.

## CONCLUSION

Based on the foregoing, Relators' petition for writ of mandamus is denied and the stay of the November 28 order is lifted.