## In re DANA CORPORATION, Relator.

### No. 02–1001.

Supreme Court of Texas.

June 11, 2004.

---

45. *Id.*

Paula H. Heirtzler (Blazek), Germer Bernsen & Gertz, LLP, J. Mitchell Smith, Germer Gertz, L.L.P., Beaumont, for Relator.

Brent Wayne Coon, John R. Thomas, Jason L. Cansler, Michael T. Runyan, Dan Ducote, Brent Coon & Associates, Beaumont, for Respondents.

PER CURIAM.

The relator, Dana Corporation, filed a petition for writ of mandamus to challenge the trial court's discovery ruling in the underlying asbestos litigation. The real parties in this proceeding, who consist of approximately 1,260 plaintiffs in the underlying case, sought production of Dana's insurance policies since 1930 and also sought to learn the amount of insurance remaining under those policies. The trial court ordered Dana, the defendant in the underlying proceeding, to produce "exact duplicates of any and all commercial general liability insurance policies ... from 1930 to the present." The trial court also ordered Dana "to produce a knowledgeable witness for deposition to testify regarding such insurance policies." Dana argues that the trial court abused its discretion in two ways: first, by ordering the production of insurance policies that were not shown to be applicable to the underlying litigation; and second, by compelling Dana to produce insurance information beyond the applicable insurance agreements' existence and contents. Because we agree that the trial court's order was overly broad and required the production of insurance policies not shown to be applicable to the underlying litigation, we conditionally grant a writ of mandamus to direct the

trial court to modify its order to require production only of those policies "under which [Dana] may be liable to satisfy part or all of a judgment." Tex.R. Civ. P. 192.3(f).

Mandamus relief is appropriate only if the trial court abused its discretion or violated a legal duty, and there is no adequate remedy at law, such as an appeal. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding). A trial court's ruling that requires production beyond what our procedural rules permit is an abuse of discretion. *See, e.g., Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex.1995) (orig.proceeding). If an appellate court cannot remedy a trial court's discovery error, then an adequate appellate remedy does not exist. *Texaco*, 898 S.W.2d at 815; *Walker*, 827 S.W.2d at 843. A discovery order "requiring document production from an unreasonably long time period or from distant and unrelated locales" is impermissibly overbroad and may be subject to mandamus relief. *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex.2003) (orig.proceeding).

Dana agrees that the Texas Rules of Civil Procedure mandate disclosure of any insurance agreement that may satisfy part or all of a judgment rendered in the action. Tex.R. Civ. P. 192.3(f) ("[A] party may obtain discovery of the existence and contents of any indemnity or insurance agreement under which any person may be liable to satisfy part or all of a judgment rendered in the action or to indemnify or reimburse for payments made to satisfy the judgment."). Dana argues, however, that in mass toxic-tort litigation, a defendant should not have to mass-produce insurance policies until each of the plaintiffs first establishes (1) which of the company's products is allegedly at fault, and (2) for what periods of time the exposure allegedly occurred. In this case, forty-nine plaintiffs have provided affidavits identifying both the particular products to which they were allegedly exposed and the time periods in which this exposure allegedly occurred.

We do not agree that a special rule should apply in toxic-tort cases. Even in an ordinary case, however, our rules require that a threshold showing of applicability must be made before a party can be ordered to produce multiple decades of insurance policies; only those insurance policies "under which any person may be liable to satisfy part or all of a judgment" are subject to discovery. Tex.R. Civ. P. 192.3(f); *see also In re CSX*, 124 S.W.3d at 152. Thus, while we do not agree that the plaintiffs' request for production should be delayed until each plaintiff has necessarily identified a particular product and a particular period of exposure, we do agree that the insurance policies need not be produced until they are shown to be applicable to a potential judgment.

In this case, the plaintiffs have identified thirteen products at issue in the suit; of these products, each is identified by at least one of the forty-nine affiants as a product to which he or she was exposed. Furthermore, Dana admits that its policies "are general products liability claims policies and provide coverage for all products-based claims asserted against Dana." Consequently, we conclude that these affidavits sufficiently identify the products at issue, and that the trial court did not abuse its discretion by ordering production of Dana's general insurance policies before receiving affidavits of exposure from each plaintiff.

While we conclude that the affidavits sufficiently identified the relevant products, we also conclude that they do not adequately support the time period covered by the trial court's order. The trial

302 court ordered the production of all policies

court ordered the production of all policies from 1930 to the present. The plaintiffs argue that "with a thousand plaintiffs," the range of potential insurance would "probably" go back to "1930 or '35." The affidavits of exposure, however, reveal that the earliest reported exposure occurred in 1945. Consequently, we hold that plaintiffs have not established the potential applicability of policies covering exposure from 1930 to 1944. Accordingly, the discovery request at issue here is overly broad. *See CSX Corp.*, 124 S.W.3d at 153 (granting mandamus relief when the court's order "impermissibly request[ed] information for twenty-five years beyond the applicable time period").

We must also determine whether the trial court abused its discretion by ordering Dana to produce a witness for deposition to testify regarding its insurance policies. The plaintiffs argue that Texas Rule of Civil Procedure 192.3(f) permits them to conduct discovery regarding insurance coverage, and that such discovery is "needed . . . to find out what policies were there, whether they were exhausted, whether they were close to . . . being exhausted." They note that while the rule itself provides for disclosure of only the "existence and contents" of the policies, the Twelfth Court of Appeals has held that depositions relating to the erosion of insurance coverage fit within the scope of permissible discovery. *In re Senior Living Props., L.L.C.*, 63 S.W.3d 594, 597–98 (Tex.App.-Tyler 2002, orig. proceeding) *mand. abated pursuant to bankruptcy*, 46 Tex. Sup.Ct. J. 600 (Tex.2003). That court noted that Rule 192.3(f) does not preclude "further discovery on insurance issues should the facts of a particular case warrant such discovery," and held that such a deposition could reveal "the extent to which coverage has been eroded or compromised and the number of claims competing for the coverage." *Id.* at 597–98.

We agree that Rule 192.3(f) does not foreclose discovery of insurance information beyond that identified in the rule; however, we also conclude that the plain language of Rule 192.3(f), by itself, does not provide a sufficient basis to order discovery beyond the production of the "existence and contents" of the policies. We therefore disagree with the *Senior Living* opinion to the extent it relies on Rule 192.3(f) to suggest that the insurance-erosion information plaintiffs seek in this case is necessarily discoverable. Instead, we hold that a party may discover information beyond an insurance agreement's existence and contents only if the information is otherwise discoverable under our scope-of-discovery rule. *See* Tex.R. Civ. P. 192.3(a) ("In general, a party may obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party.").

Though Rule 192.3(f)'s plain language does not preclude discovery of additional insurance information, the rule's language itself specifically requires only the production of "the existence and contents" of the policies. This specificity prevents our construing the rule, by itself, to require additional discovery about insurance coverage. *See Missouri Pac. R.R. Co. v. Cross*, 501 S.W.2d 868, 872 (Tex.1973) (holding that the rules of civil procedure "have the same force and effect as statutes" and should be construed in a similar manner). We recognize that to achieve our procedural rules' objective "to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law," we typically apply a liberal construction. Tex.R. Civ. P. 1; *see also Cross*, 501

S.W.2d at 872. But relying on Rule 192.3(f) alone to allow discovery of additional insurance information would require us to construe Rule 192.3(f) in a manner contrary to its literal meaning. Consequently, we conclude that, to determine whether information beyond that identified in Rule 192.3(f) is discoverable in a particular case, courts must ascertain if the information is discoverable under Rule 192.3(a)'s general scope-of-discovery test.

Interpretation and application of the analogous federal rule supports our conclusion that Rule 192.3(f) neither prohibits nor requires the discovery of more than an insurance agreement's existence and contents. Before the United States Supreme Court promulgated Federal Rule of Civil Procedure 26(b)(2), insurance information was often considered irrelevant to the suit's underlying claims and thus not discoverable under the federal rule defining the general scope of discovery.[1] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 & n. 16, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). The federal rule's drafters recognized the value of making insurance information available to facilitate settlement. Fed.R.Civ.P. 26(b)(2), advisory committee's note. Therefore, Federal Rule 26(b)(2) provided for discovery of applicable insurance agreements regardless of their relevance to the underlying suit's merits "to enable counsel for both sides to make the same realistic appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation." *Id.* Eventually, the federal rule was revised so that, like our current Rule 192.3(f), a party must disclose and produce a copy of any applicable insurance agreements. *See* Fed.R.Civ.P. 26(a)(1)(D).

Federal courts applying the analogous federal rule have recognized its purpose to facilitate settlement. *See, e.g., Wegner v. Cliff Viessman, Inc.*, 153 F.R.D. 154, 161 (N.D.Iowa 1994). However, when a party has sought information beyond the insurance agreement's contents—such as the amount of available coverage remaining on a policy—federal courts rely on the general discovery standard to determine if the information requested must be produced. *See Simon v. G.D. Searle & Co.*, 816 F.2d 397, 404 (8th Cir.1987) (allowing discovery of corporate risk management documents, because they related to notice issues relevant to the products liability claim); *Wegner*, 153 F.R.D. at 161 (denying discovery request for information about remaining insurance coverage available, because plaintiff already received copies of applicable insurance policies as the procedural rules required and additional information was not relevant to underlying suit); *Indep. Petrochem. Corp. v. Aetna Cas. & Sur. Co.*, 117 F.R.D. 283, 288 (D.D.C.1986) (denying discovery of information about insurance reserves and reinsurance, because routine estimates used to calculate this information were not based on thorough factual and legal consideration for each insured, and therefore, the information was not relevant to the underlying coverage dispute); *Union Carbide Corp. v. Travelers Indem. Co.*, 61 F.R.D. 411, 413 (W.D.Pa.1973) (allowing discovery of information about other claims on the insurance policy, because the information was relevant to the coverage dispute between the two defendant carriers). Accordingly, federal cases conclude that the rule permitting discovery of insurance agreements does not preclude further insurance information discovery, but those cases also conclude that the insurance information must

---

1. Like our Rule 192.3(a), the federal rules define the general scope of discovery as "any matter, not privileged, that is relevant to the claim or defense of any party. . . ." Fed. R. CIV. P. 26(b)(1).

be discoverable under the general scope-of-discovery standard before a party will be permitted to obtain such additional information.

We therefore reject the plaintiffs' argument that Rule 192.3(f)'s purpose—to facilitate settlement negotiations—supports broadly reading the rule to allow the discovery requested here.[2] We hold that such discovery is warranted only if the information sought meets the general scope-of-discovery relevance standard under Rule 192.3(a)—*i.e.*, that it "relates to the claim or defense of the party seeking discovery." Tex.R. Civ. P. 192.3(a).

In this case, however, the trial court's order does not specifically address policy erosion; rather, it merely orders Dana "to produce a knowledgeable witness for deposition to testify regarding such insurance policies." Because the witness may be needed to prove up the contents of the policies, and because the plaintiffs are entitled to ask questions relevant to the subject matter of the litigation, we conclude that the trial court did not abuse its discretion in ordering Dana to produce a witness for deposition. At that deposition, Dana is of course free to object to any question regarding policy erosion that does not meet the relevancy standard announced in this opinion.

Accordingly, without hearing oral argument, we conditionally grant mandamus relief. We direct the trial court to modify its order to limit the production of policies to those covering exposure from 1945 to

the present. The writ will issue only if the trial court does not modify its order.

---

2. We note that this Court has previously held that determining settlement and litigation strategy is good cause for a party to discover information about the other side's insurance policy limits. *Carroll Cable Co. v. Miller*, 501 S.W.2d 299 (Tex.1973) (per curiam). But, in *Carroll Cable*, our decision rested on the fact that the actual policies were not available for

discovery; this Court held that "[i]t is sufficient showing of good cause that an insurance agreement is not available to the moving party." *Id.* Because the applicable insurance policies are available in this case, we conclude that *Carroll Cable* is distinguishable and does not control the outcome of this case.