Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS







IN RE: EDWARD ALBERT MADRID,



 Relator.
§


 


§


 


§


 


§


 


§


 


 § 



No. 08-06-00319-CV



AN ORIGINAL PROCEEDING

 IN MANDAMUS





OPINION ON PETITION FOR WRIT OF MANDAMUS



 Relator, Edward Albert Madrid, seeks a writ of mandamus against Respondent, the Honorable
Linda Chew, Judge of the 327th District Court of El Paso County. For the reasons that follow, we
conditionally grant relief.

FACTUAL SUMMARY


 On July 18, 2006, Ector Manuel Calvillo sued Relator, Edward Albert Madrid, for negligence. 
The petition alleges that Madrid was driving a rented vehicle while intoxicated and negligently caused
an accident when his vehicle struck Calvillo's vehicle. Calvillo seeks punitive damages based on an
allegation that Madrid's conduct was intentional, reckless, and done with wanton disregard for
Calvillo's rights, well-being, and safety. In the same suit, Calvillo brings a negligent entrustment
action against The Hertz Corporation. Approximately one week after filing suit, Calvillo made a
Stowers demand on Madrid's insurance company for the policy limits. 

 In September of 2006, Calvillo sought production of a reservation of rights letter sent by
Madrid's insurance carrier to Madrid after the suit was filed. Madrid sought a protective order
claiming that the letter was protected by the work product privilege, was beyond the scope of
discovery for insurance agreements, and was neither relevant nor reasonably calculated to lead to
admissible evidence. The trial court conducted a hearing on Madrid's motion for a protective order
and Madrid submitted the reservation of rights letter for in camera inspection. Madrid's attorney
stated during the protective order hearing, without objection or disagreement, that he had produced
the insurance agreement, which he described as the standard automobile policy available in Texas,
and the declarations page showing the policy limits. Madrid introduced into evidence the affidavit
of Isabel Rodriguez, the insurance adjuster who sent the reservation of rights letter to Madrid. The
pertinent portion of the affidavit provides:

 I am currently employed as a claims adjuster for Mid-Century Insurance Company of
Texas, the insurance company providing the defense to Edward Albert Madrid in this
lawsuit. On August 31, 2006, a reservation of rights letter was sent from Mid-Century to Edward Madrid, the Mid-Century insured. The reservation of rights letter
dealt with the accident that is the basis of this lawsuit and representation by counsel. 
I am willing to provide a copy of this reservation of rights letter for in-camera
inspection by the Court, as the Court deems necessary.


 At the time the reservation of rights letter was sent, this lawsuit had already been
filed. Mid-Century Insurance Company had been in discussions with Attorney James
Kennedy who represents the Plaintiff. Furthermore, Mid-Century had already retained
the services of Darryl S. Vereen, our insured's defense counsel in this lawsuit. A
copy of the reservation of rights letter was provided to Mr. Vereen as part of his
representation so he could advise his client, Edward Madrid. The reservation of
rights letter was sent for the purposes of this trial, was intended to be a confidential
communication between Mid-Century Insurance Company of Texas, its insured and
its insured's defense counsel. I am requesting that this reservation of rights letter not
be produced to the Plaintiff.


The trial court denied Madrid's motion for protective order and entered an order compelling Madrid
to produce the reservation of rights letter. Madrid then filed this mandamus proceeding.

STANDARD OF REVIEW


 Mandamus will issue only when the mandamus record establishes (1) a clear abuse of
discretion or the violation of a duty imposed by law, and (2) the absence of a clear and adequate
remedy at law. Cantu v. Longoria, 878 S.W.2d 131, 132 (Tex. 1994)(orig. proceeding); Walker v.
Packer, 827 S.W.2d 833, 839-40 (Tex.1992)(orig. proceeding). A court clearly abuses its discretion
if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of
law. Walker, 827 S.W.2d at 839. The party challenging the trial court's decision as an abuse of
discretion must establish that the facts and law permit the trial court to make but one decision. In re
University Interscholastic League, 20 S.W.3d 690, 692 (Tex. 2000)(orig. proceeding); Johnson v.
Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985)(orig. proceeding). A trial court is vested
with broad discretion in determining the scope of discovery. Ginsberg v. Fifth Court of Appeals, 686
S.W.2d 105, 108 (Tex. 1985)(orig. proceeding). However, a trial court's ruling that requires
production beyond what the procedural rules permit is an abuse of discretion. In re Dana
Corporation, 138 S.W.3d 298, 301 (Tex. 2004)(orig. proceeding). If an appellate court cannot
remedy a trial court's discovery error, then an adequate appellate remedy does not exist. Id. 

DISCOVERY OF RESERVATION OF RIGHTS LETTER


 Madrid asserts that the trial judge clearly abused her discretion in requiring disclosure of the
reservation of rights letter because: (1) it is not an insurance agreement, and therefore, is not
discoverable pursuant to Tex.R.Civ.P. 192.3(f); (2) it is protected by the word product privilege as
a communication made for trial between a party, his insurer, and his counsel; and alternatively, (3) 
to the extent the reservation of rights letter is not core work product, Calvillo made no showing that
he had a substantial need for the letter.

Rule 192.3(a) and 192.3(f)


 Madrid contends that Rule 192.3(f) prohibits the discovery of the reservation of rights letter,
while Calvillo argues it is permitted under the rule because the letter is part of the existence and
contents of any indemnity or insurance agreement. Subparts (a) and (f) of Rule 192.3 provide:

 192.3 Scope of Discovery

 (a) Generally. In general, a party may obtain discovery regarding any
matter that is not privileged and is relevant to the subject matter of the
pending action, whether it relates to the claim or defense of the party
seeking discovery or the claim or defense of any other party. It is not
a ground for objection that the information sought will be inadmissible
at trial if the information sought appears reasonably calculated to lead
to the discovery of admissible evidence.


. . .



 (f) Indemnity and Insuring Agreements. Except as otherwise
provided by law, a party may obtain discovery of the existence and
contents of any indemnity or insurance agreement under which any
person may be liable to satisfy part or all of a judgment rendered in the
action or to indemnify or reimburse for payments made to satisfy the
judgment. Information concerning the indemnity or insurance
agreement is not by reason of disclosure admissible in evidence at
trial.


 Calvillo cites In re Senior Living Properties., L.L.C., 63 S.W.3d 594 (Tex.App.--Tyler 2002,
orig. proceeding), mand. abated pursuant to bankruptcy, 46 Tex.Sup.Ct.J. 600 (Tex. 2003), in
support of his argument that Rule 192.3(f) permits discovery of insurance issues beyond the existence
and contents of the actual insurance agreement. In that case, the Twelfth Court of Appeals held that
depositions relating to the erosion of insurance coverage fit within the scope of permissible discovery. 
Id. at 597-98. The court of appeals noted that Rule 192.3(f) does not preclude further discovery on
insurance issues and held that such a deposition could reveal the extent to which coverage has been
eroded or compromised and the number of claims competing for the coverage. Id. Citing Carroll
Cable Co. v. Miller, 501 S.W.2d 299 (Tex. 1973), Calvillo also asserts that Rule 192.3(f) should be
read broadly because the purpose of permitting discovery of insurance agreements is to aid the
plaintiff in determining the settlement value of the case.

 The Supreme Court disagreed with Senior Living's holding in In re Dana Corporation, 138
S.W.3d 298, 302 (Tex. 2004(orig. proceeding). It recognized that while Rule 192.3(f) does not
expressly foreclose discovery of insurance information beyond that identified in the rule, its plain
language does not provide a sufficient basis to order discovery beyond the production of the
"existence and contents" of the policies. Dana Corporation, 138 S.W.3d at 302. Thus, a party may
discover information beyond an insurance agreement's existence and contents only if the information
is otherwise discoverable under Rule 192.3(a)'s general scope of discovery test. Id. The court also
acknowledged that it had held in Carroll Cable that determining settlement and litigation strategy is
good cause for a party to discover information about the other side's insurance policy limits. Dana
Corporation, 138 S.W.3d at 304 n.2. The court found Carroll Cable distinguishable because the
decision turned on the fact that the insurance policies were not available for discovery whereas they
were available in Dana Corporation. Likewise, we find that Carroll Cable is distinguishable because
the insurance policy and the policy limits are available in the instant case. The trial court's order
requiring production of the reservation of rights letter will be upheld only if the letter is part of the
contents of the insurance agreement, or if the information is otherwise discoverable under Rule
192.3(a).

 We disagree with Calvillo's general premise that a reservation of rights letter is necessarily
part of the existence and contents of any indemnity or insurance agreement. A reservation of rights
letter is the insurer's offer to defend the insured under a reservation of rights. See Texas Association
of Counties County Government Risk Management Pool v. Matagorda County, 52 S.W.3d 128, 132
(Tex. 2000). By accepting the defense under a reservation of rights, the insured impliedly agrees that
the insurer does not waive coverage defenses. Id. A unilateral reservation of rights letter cannot
create rights not contained in the insurance policy. Id. at 131. We have reviewed the reservation
of rights letter at issue in this case and find that it is not part of the existence or contents of the
insurance agreement between Madrid and his insurer. Calvillo is therefore not entitled to discovery
of the reservation of rights letter under Rule 192.3(f) unless the information meets Rule 192.3(a)'s
general scope of discovery standard, i.e., it must relate to the claim or defense of the party seeking
discovery. In re Dana Corporation, 138 S.W.3d at 304.

 Madrid's attorney argued at the protective order hearing that the reservation of rights letter
does not relate to Calvillo's negligence suit against Madrid. Calvillo's attorney maintained at the
hearing that the reservation of rights letter is needed in order to determine whether there is insurance
coverage because it impacts the settlement value of the case. It is undisputed that Calvillo has been
provided with the insurance policy and the policy limits as required by Rule 192.3(f). Determining
the settlement value of the case is not related to the merits of Calvillo's negligence claim or to
Madrid's defense, and there is no showing that the information appears reasonably calculated to lead
to the discovery of admissible evidence as required for the letter to be discoverable under Rule
192.3(a). Consequently, the trial court clearly abused its discretion by denying Madrid's motion for
a protective order and by compelling production of the letter. Given our conclusion that the
reservation of rights letter is not relevant to the subject matter of the suit, it is unnecessary to address
the work product privilege issue.

Work Product Privilege


 Even assuming that the reservation of rights letter is relevant under Rule 192.3(a)'s standard,
Madrid established that the letter is protected by the work product privilege.

 Work product is defined as:

 (1) material prepared or mental impressions developed in anticipation of litigation or
for trial by or for a party or a party's representatives, including the party's attorneys,
consultants, sureties, indemnitors, insurers, employees, or agents; or


 (2) a communication made in anticipation of litigation or for trial between a party and
the party's representatives or among a party's representatives, including the party's
attorneys, consultants, sureties, indemnitors, insurers, employees, or agents.


Tex.R.Civ.P. 192.5(a).


 Rule 192.5 provides different levels of protection for two types of work product. Core work
product is defined as "the work product of an attorney or an attorney's representative that contains
the attorney's or the attorney's representative's mental impressions, opinions, conclusions, or legal
theories." Tex.R.Civ.P. 192.5(b)(1). Core work product is not discoverable. Id. Any other work
product is discoverable only upon a showing that the party seeking discovery has substantial need of
the materials in the preparation of the party's case and that the party is unable without undue hardship
to obtain the substantial equivalent of the material by other means. Tex.R.Civ.P. 192.5(b)(2).

 The reservation of rights letter was prepared by Madrid's insurer after suit was filed and while
the insurer was in communication with Calvillo's attorney and Madrid's attorney. It was sent to
Madrid and a copy was sent to Madrid's attorney. As such, it is a communication between a party,
the party's insurer, and the party's attorney. Calvillo contends, however, that the letter is not word
product because it was not prepared in anticipation of the instant negligence suit but rather was
prepared in anticipation of a future coverage suit. While it may be true that the insurer's reservation
of rights stated in the letter will be significant in the event of a future coverage suit, the reservation
of rights letter relates directly to the insurer providing Madrid a defense in the instant case. Thus, we
find that the reservation of rights letter is work product under Rule 195.2(a)(2). See Coats v. Ruiz,
198 S.W.3d 863, 875-76 (Tex.App.--Dallas 2006, no pet.).

 The reservation of rights letter is not core work product because it does not contain Madrid's
attorney's or the attorney's representative's mental impressions, opinions, conclusions, or legal
theories. It was incumbent on Calvillo to show that he has a substantial need of the materials in the
preparation of his case and that he is unable without undue hardship to obtain the substantial
equivalent of the material by other means. Tex.R.Civ.P. 192.5(b)(2). Calvillo failed to make this
showing in the trial court. Accordingly, we find that the trial court clearly abused its discretion by
requiring disclosure of the privileged material.

Adequate Remedy by Appeal


 An appeal is not an inadequate remedy merely because it may involve more expense or delay
than obtaining an extraordinary writ. Walker, 827 S.W.2d at 842. However, an order compelling
discovery that is well outside the proper bounds is reviewable by mandamus. In re American Optical
Corp., 988 S.W.2d 711, 713 (Tex. 1998). A party will not have an adequate remedy by appeal when
the appellate court would be unable to cure the trial court's discovery error. In re Kuntz, 124 S.W.3d
179, 181 (Tex. 2003). If a trial court erroneously orders that privileged material be disclosed, there
is no adequate remedy at law and mandamus is the proper remedy. Dillard Department Stores, Inc.
v. Hall, 909 S.W.2d 491 (Tex. 1995); Walker, 827 S.W.2d at 843. 

 We find that appeal is an inadequate remedy because the trial court's order requires Madrid
to produce a privileged document which is patently irrelevant to the merits of the suit. This Court
would be unable to remedy the error on appeal because the document would have already been
produced. Accordingly, we conditionally grant mandamus relief. The writ will issue only if the trial
court fails to withdraw its order denying Madrid's motion for a protective order and granting
Calvillo's motion to compel.



October 11, 2007 
 

 ANN CRAWFORD McCLURE, Justice



Before McClure, Carr, JJ, and Barajas, C.J. (Ret.)

Barajas, C.J. (Ret.), sitting by assignment