In re Edward Albert MADRID, Relator.

No. 08–06–00319–CV.

Court of Appeals of Texas,
El Paso.

Oct. 11, 2007.

Rehearing Overruled Nov. 20, 2007.

Steven L. Hughes, Mounce, Green, Myers, Safi & Galatzan, El Paso, TX, for Relator.

Casey S. Stevenson, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, P.C., James B. Kennedy Jr., Gage & Kennedy, L.L.P., El Paso, TX, for Interested Parties.

Before McCLURE, CARR, JJ, and BARAJAS, C.J. (Ret.).

## OPINION ON PETITION FOR WRIT OF MANDAMUS

ANN CRAWFORD McCLURE, Justice.

Relator, Edward Albert Madrid, seeks a writ of mandamus against Respondent, the Honorable Linda Chew, Judge of the 327th District Court of El Paso County. For the reasons that follow, we conditionally grant relief.

### FACTUAL SUMMARY

On July 18, 2006, Ector Manuel Calvillo sued Relator, Edward Albert Madrid, for negligence. The petition alleges that Madrid was driving a rented vehicle while intoxicated and negligently caused an accident when his vehicle struck Calvillo's vehicle. Calvillo seeks punitive damages based on an allegation that Madrid's conduct was intentional, reckless, and done with wanton disregard for Calvillo's rights, well-being, and safety. In the same suit, Calvillo brings a negligent entrustment action against The Hertz Corporation. Approximately one week after filing suit, Calvillo made a *Stowers* demand on Madrid's insurance company for the policy limits.

In September of 2006, Calvillo sought production of a reservation of rights letter sent by Madrid's insurance carrier to Madrid after the suit was filed. Madrid sought a protective order claiming that the letter was protected by the work product privilege, was beyond the scope of discovery for insurance agreements, and was neither relevant nor reasonably calculated to lead to admissible evidence. The trial court conducted a hearing on Madrid's motion for a protective order and Madrid submitted the reservation of rights letter for *in camera* inspection. Madrid's attorney stated during the protective order hearing, without objection or disagreement, that he had produced the insurance agreement, which he described as the standard automobile policy available in Texas, and the declarations page showing the policy limits. Madrid introduced into evidence the affidavit of Isabel Rodriguez, the insurance adjuster who sent the reservation of rights letter to Madrid. The pertinent portion of the affidavit provides:

I am currently employed as a claims adjuster for Mid–Century Insurance Company of Texas, the insurance company providing the defense to Edward Albert Madrid in this lawsuit. On August 31, 2006, a reservation of rights letter was sent from Mid–Century to Edward Madrid, the Mid–Century insured. The reservation of rights letter dealt with the accident that is the basis

of this lawsuit and representation by counsel. I am willing to provide a copy of this reservation of rights letter for in-camera inspection by the Court, as the Court deems necessary.

At the time the reservation of rights letter was sent, this lawsuit had already been filed. Mid–Century Insurance Company had been in discussions with Attorney James Kennedy who represents the Plaintiff. Furthermore, Mid–Century had already retained the services of Darryl S. Vereen, our insured's defense counsel in this lawsuit. A copy of the reservation of rights letter was provided to Mr. Vereen as part of his representation so he could advise his client, Edward Madrid. The reservation of rights letter was sent for the purposes of this trial, was intended to be a confidential communication between Mid–Century Insurance Company of Texas, its insured and its insured's defense counsel. I am requesting that this reservation of rights letter not be produced to the Plaintiff.

The trial court denied Madrid's motion for protective order and entered an order compelling Madrid to produce the reservation of rights letter. Madrid then filed this mandamus proceeding.

## STANDARD OF REVIEW

Mandamus will issue only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law. *Cantu v. Longoria,* 878 S.W.2d 131, 132 (Tex.1994)(orig.proceeding); *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992)(orig.proceeding). A court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker,* 827 S.W.2d at 839. The party challenging the trial court's decision as an abuse of discretion must establish that the facts and law permit the trial court to make but one decision. *In re University Interscholastic League,* 20 S.W.3d 690, 692 (Tex.2000)(orig.proceeding); *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985)(orig.proceeding). A trial court is vested with broad discretion in determining the scope of discovery. *Ginsberg v. Fifth Court of Appeals,* 686 S.W.2d 105, 108 (Tex.1985)(orig.proceeding). However, a trial court's ruling that requires production beyond what the procedural rules permit is an abuse of discretion. *In re Dana Corporation,* 138 S.W.3d 298, 301 (Tex.2004)(orig.proceeding). If an appellate court cannot remedy a trial court's discovery error, then an adequate appellate remedy does not exist. *Id.*

## DISCOVERY OF RESERVATION OF RIGHTS LETTER

Madrid asserts that the trial judge clearly abused her discretion in requiring disclosure of the reservation of rights letter because: (1) it is not an insurance agreement, and therefore, is not discoverable pursuant to Tex.R.Civ.P. 192.3(f); (2) it is protected by the work product privilege as a communication made for trial between a party, his insurer, and his counsel; and alternatively, (3) to the extent the reservation of rights letter is not core work product, Calvillo made no showing that he had a substantial need for the letter.

### Rule 192.3(a) and 192.3(f)

Madrid contends that Rule 192.3(f) prohibits the discovery of the reservation of rights letter, while Calvillo argues it is permitted under the rule because the letter is part of the existence and contents of any indemnity or insurance agreement. Subparts (a) and (f) of Rule 192.3 provide:

## 192.3  Scope of Discovery

(a) *Generally.* In general, a party may obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party. It is not a ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

. . .

(f) *Indemnity and Insuring Agreements.* Except as otherwise provided by law, a party may obtain discovery of the existence and contents of any indemnity or insurance agreement under which any person may be liable to satisfy part or all of a judgment rendered in the action or to indemnify or reimburse for payments made to satisfy the judgment. Information concerning the indemnity or insurance agreement is not by reason of disclosure admissible in evidence at trial.

Calvillo cites *In re Senior Living Properties., L.L.C.,* 63 S.W.3d 594 (Tex.App.-Tyler 2002, orig. proceeding), *mand. abated pursuant to bankruptcy,* 46 Tex.Sup. Ct.J. 600 (Tex.2003), in support of his argument that Rule 192.3(f) permits discovery of insurance issues beyond the existence and contents of the actual insurance agreement. In that case, the Twelfth Court of Appeals held that depositions relating to the erosion of insurance coverage fit within the scope of permissible discovery. *Id.* at 597–98. The court of appeals noted that Rule 192.3(f) does not preclude further discovery on insurance issues and held that such a deposition could reveal the extent to which coverage has been eroded or compromised and the number of claims competing for the coverage. *Id.* Citing *Carroll Cable Co. v. Miller,* 501 S.W.2d 299 (Tex.1973), Calvillo also asserts that Rule 192.3(f) should be read broadly because the purpose of permitting discovery of insurance agreements is to aid the plaintiff in determining the settlement value of the case.

The Supreme Court disagreed with *Senior Living's* holding in *In re Dana Corporation,* 138 S.W.3d 298, 302 (Tex.2004)(orig.proceeding). It recognized that while Rule 192.3(f) does not expressly foreclose discovery of insurance information beyond that identified in the rule, its plain language does not provide a sufficient basis to order discovery beyond the production of the "existence and contents" of the policies. *Dana Corporation,* 138 S.W.3d at 302. Thus, a party may discover information beyond an insurance agreement's existence and contents only if the information is otherwise discoverable under Rule 192.3(a)'s general scope of discovery test. *Id.* The court also acknowledged that it had held in *Carroll Cable* that determining settlement and litigation strategy is good cause for a party to discover information about the other side's insurance policy limits. *Dana Corporation,* 138 S.W.3d at 304 n. 2. The court found *Carroll Cable* distinguishable because the decision turned on the fact that the insurance policies were not available for discovery whereas they were available in *Dana Corporation.* Likewise, we find that *Carroll Cable* is distinguishable because the insurance policy and the policy limits are available in the instant case. The trial court's order requiring production of the reservation of rights letter will be upheld only if the letter is part of the contents of the insurance agreement, or if the information is otherwise discoverable under Rule 192.3(a).

We disagree with Calvillo's general premise that a reservation of rights letter is necessarily part of the existence and contents of any indemnity or insurance agreement. A reservation of rights letter is the insurer's offer to defend the insured under a reservation of rights. *See Texas Association of Counties County Government Risk Management Pool v. Matagorda County,* 52 S.W.3d 128, 132 (Tex.2000). By accepting the defense under a reservation of rights, the insured impliedly agrees that the insurer does not waive coverage defenses. *Id.* A unilateral reservation of rights letter cannot create rights not contained in the insurance policy. *Id.* at 131. We have reviewed the reservation of rights letter at issue in this case and find that it is not part of the existence or contents of the insurance agreement between Madrid and his insurer. Calvillo is therefore not entitled to discovery of the reservation of rights letter under Rule 192.3(f) unless the information meets Rule 192.3(a)'s general scope of discovery standard, i.e., it must relate to the claim or defense of the party seeking discovery. *In re Dana Corporation,* 138 S.W.3d at 304.

Madrid's attorney argued at the protective order hearing that the reservation of rights letter does not relate to Calvillo's negligence suit against Madrid. Calvillo's attorney maintained at the hearing that the reservation of rights letter is needed in order to determine whether there is insurance coverage because it impacts the settlement value of the case. It is undisputed that Calvillo has been provided with the insurance policy and the policy limits as required by Rule 192.3(f). Determining the settlement value of the case is not related to the merits of Calvillo's negligence claim or to Madrid's defense, and there is no showing that the information appears reasonably calculated to lead to the discovery of admissible evidence as required for the letter to be discoverable under Rule 192.3(a). Consequently, the trial court clearly abused its discretion by denying Madrid's motion for a protective order and by compelling production of the letter. Given our conclusion that the reservation of rights letter is not relevant to the subject matter of the suit, it is unnecessary to address the work product privilege issue.

*Work Product Privilege*

Even assuming that the reservation of rights letter is relevant under Rule 192.3(a)'s standard, Madrid established that the letter is protected by the work product privilege.

Work product is defined as:

(1) material prepared or mental impressions developed in anticipation of litigation or for trial by or for a party or a party's representatives, including the party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; or

(2) a communication made in anticipation of litigation or for trial between a party and the party's representatives or among a party's representatives, including the party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents.

Tex.R.Civ.P. 192.5(a).

Rule 192.5 provides different levels of protection for two types of work product. Core work product is defined as "the work product of an attorney or an attorney's representative that contains the attorney's or the attorney's representative's mental impressions, opinions, conclusions, or legal theories." Tex.R.Civ.P. 192.5(b)(1). Core work product is not discoverable. *Id.* Any other work product is discoverable only upon a showing that the party seeking discovery has substantial need of the mate-

rials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the material by other means. Tex. R.Civ.P. 192.5(b)(2).

The reservation of rights letter was prepared by Madrid's insurer after suit was filed and while the insurer was in communication with Calvillo's attorney and Madrid's attorney. It was sent to Madrid and a copy was sent to Madrid's attorney. As such, it is a communication between a party, the party's insurer, and the party's attorney. Calvillo contends, however, that the letter is not word product because it was not prepared in anticipation of the instant negligence suit but rather was prepared in anticipation of a future coverage suit. While it may be true that the insurer's reservation of rights stated in the letter will be significant in the event of a future coverage suit, the reservation of rights letter relates directly to the insurer providing Madrid a defense in the instant case. Thus, we find that the reservation of rights letter is work product under Rule 195.2(a)(2). *See Coats v. Ruiz*, 198 S.W.3d 863, 875–76 (Tex.App.-Dallas 2006, no pet.).

The reservation of rights letter is not core work product because it does not contain Madrid's attorney's or the attorney's representative's mental impressions, opinions, conclusions, or legal theories. It was incumbent on Calvillo to show that he has a substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the material by other means. Tex.R.Civ.P. 192.5(b)(2). Calvillo failed to make this showing in the trial court. Accordingly, we find that the trial court clearly abused its discretion by requiring disclosure of the privileged material.

*Adequate Remedy by Appeal*

An appeal is not an inadequate remedy merely because it may involve more expense or delay than obtaining an extraordinary writ. *Walker*, 827 S.W.2d at 842. However, an order compelling discovery that is well outside the proper bounds is reviewable by mandamus. *In re American Optical Corp.*, 988 S.W.2d 711, 713 (Tex.1998). A party will not have an adequate remedy by appeal when the appellate court would be unable to cure the trial court's discovery error. *In re Kuntz*, 124 S.W.3d 179, 181 (Tex.2003). If a trial court erroneously orders that privileged material be disclosed, there is no adequate remedy at law and mandamus is the proper remedy. *Dillard Department Stores, Inc. v. Hall*, 909 S.W.2d 491 (Tex.1995); *Walker*, 827 S.W.2d at 843.

We find that appeal is an inadequate remedy because the trial court's order requires Madrid to produce a privileged document which is patently irrelevant to the merits of the suit. This Court would be unable to remedy the error on appeal because the document would have already been produced. Accordingly, we conditionally grant mandamus relief. The writ will issue only if the trial court fails to withdraw its order denying Madrid's motion for a protective order and granting Calvillo's motion to compel.

BARAJAS, C.J. (Ret.), sitting by assignment.