Petition for Writ of Mandamus Denied and
Memorandum Opinion filed April 28, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-11-00336-CV



 

In Re The Kansas City Southern Railway Company,
Relator



 



ORIGINAL
PROCEEDING



WRIT OF MANDAMUS



MEMORANDUM
 OPINION

On April 20, 2011, relator The Kansas City Southern
Railway Company filed a petition for writ of mandamus in this court.  See Tex.
Gov’t Code Ann. §22.221; see also Tex. R. App. P. 52.  In the petition,
relator asks this court to compel the Honorable Mark Davidson, Multidistrict
Litigation pretrial judge of the 11th District Court of Harris County to vacate
his order denying relator’s motion to dismiss.

On September 27, 2010, real parties in interest
Nathaniel Dinkins, Vernon Brooks, Earnest Henderson, and Melvin Goines filed
suit against relator alleging injury from exposure to “harmful and/or hazardous
substances, including but not limited to dusts, fumes, and vapors.”  The suit
is governed by the Federal Employers’ Liability Act (FELA) 45 U.S.C. §51, et.
seq.  On December 10, 2010, relator filed a motion to dismiss pursuant to
section 90.007 of the Texas Civil Practice and Remedies Code because the employees
failed to serve a compliant report for any asbestos exposure claims.  

Section 90.003 of the Texas Civil Practice and
Remedies Code requires asbestosis claimants to serve a detailed expert report
on the defendant.  The statute requires, among other things, that a
board-certified physician state the “the exposed person has been diagnosed with
malignant mesothelioma or other malignant asbestos-related cancer; and to a
reasonable degree of medical probability, exposure to asbestos was a cause of
the diagnosed mesothelioma or other cancer in the exposed person[.]”  Tex. Civ.
Prac. & Rem. Code Ann. § 90.003(1)(A) & (B).  The report must further
verify that the exposed person meets a minimum threshold of injury.  FELA has
no minimum threshold requirement.  The trial court denied relator’s motion to
dismiss.  Relator contends the trial court abused its discretion in denying the
motion to dismiss.

Mandamus relief is available when the trial court
abuses its discretion and there is no adequate remedy at law, such as by
appeal.  In re Prudential Ins. Co., 148 S.W.3d 124, 135–36 (Tex. 2004); In
re Dana Corp., 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding) (citing
Walker v. Packer, 827 S.W.2d 833, 839 (Tex.1992) (orig. proceeding)).  

Section 51.014(a)(11) of the Texas Civil Practice and
Remedies Code permits appeal from an interlocutory order that “denies a motion
to dismiss filed under Section 90.007.”  Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(11).  Consequently, a party challenging the denial of a motion to
dismiss filed under Section 90.007 has an adequate remedy by appeal.  Relator
has not established entitlement to the extraordinary relief of a writ of
mandamus.  Relator’s remedy lies with an interlocutory appeal of the trial
court’s order.  Accordingly, we deny relator’s petition for writ of mandamus.

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Frost, Jamison, and McCally.