In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-19-00158-CV
_____

IN RE HOCHHEIM PRAIRIE CASUALTY INSURANCE COMPANY

**Original Proceeding**
**1st District Court of Jasper County, Texas**
**Trial Cause No. 37,178**

## MEMORANDUM OPINION

In this mandamus proceeding, Hochheim Prairie Casualty Insurance Company asks this Court to compel the trial court to vacate its order of April 29, 2019, wherein the trial court denied Hochheim's motion for protection and compelled Hochheim to respond to discovery requests that Hochheim complains are overbroad.

Wilson Claim Service LLC sued its former employee, Carrie Robin Lawrence-Allen for breach of fiduciary duty and tortious interference with the contract between Wilson and Hochheim, sued Lawrence-Allen's new company,

Texas Star Claim service for tortious interference with the contract between Wilson and Hochheim, and sued Hochheim for conspiracy to breach Lawrence-Allen's duty of loyalty to Wilson. The trial court ordered that Hochheim: (1) identify all independent adjusting firms eliminated or terminated by Hochheim from December 2013 through March 2018; (2) provide the date of elimination or termination of each firm; (3) identify the managers who approved each elimination or termination; (4) identify all independent adjusting firms added for approval by Hochheim from December 2013 through March 2018 and provide the date each firm was added; (5) identify the manager who approved each addition; and (6) provide a complete unredacted copy of the 2018 roster of independent adjusting firms produced in previous discovery.

Mandamus will issue only to correct a clear abuse of discretion when there is no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt.*, L.P., 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). "Mandamus relief is available when the trial court compels production beyond the permissible bounds of

discovery." *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 322 (Tex. 2009) (orig. proceeding). "If an appellate court cannot remedy a trial court's discovery error, then an adequate appellate remedy does not exist." *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding).

The scope of discovery is largely within the discretion of the trial court. *Dillard Dep't Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995) (orig. proceeding). The Texas Rules of Civil Procedure provide for discovery of "any matter that is not privileged and is relevant to the subject matter of the pending action[.]" Tex. R. Civ. P. 192.3(a). However, "discovery requests must be reasonably tailored to include only matters relevant to the case." *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 180 (Tex. 1999) (orig. proceeding). "Overbroad requests for irrelevant information are improper whether they are burdensome or not[.]" *In Re Allstate Cty. Mut. Ins. Co.*, 227 S.W.3d 667, 670 (Tex. 2007) (orig. proceeding). Limits on time and location will not render irrelevant information discoverable. *In re Nat'l Lloyds Ins. Co.*, 449 S.W.3d 486, 488-90 (Tex. 2014) (orig. proceeding).

Wilson argues the compelled discovery is relevant to a potential defense by Hochheim because in a settlement negotiation letter to Wilson's counsel, Hochheim's counsel suggested that Hochheim has been down-sizing the number of

adjusting firms it uses since its current vice-president took over the claims-handling department in December 2013. Wilson notes that Hochheim did not "down-size" its adjusting firms when it replaced Wilson with Lawrence-Allen's new firm, and argues "Wilson deserves an opportunity to evaluate the course of dealing and whether Hochheim replaced other entities with adjusters from terminated firms." Wilson contends the unredacted roster of adjusting firms will allow Wilson to track the entities eliminated by Hochheim.

Wilson has not shown that the information it seeks pertains to any claim or defense contained in a pleading. Hochheim's decisions to hire or discharge other adjusting firms unrelated to its contract with Wilson are irrelevant in the context of claims for conspiracy and tortious interference being litigated in this case. We conclude the trial court clearly abused its discretion by allowing discovery that is not probative of Hochheim's or Lawrence-Allen's conduct concerning the Wilson contract. *See National Lloyds*, 449 S.W.3d at 489.

We conclude that the trial court abused its discretion by failing to limit discovery to relevant evidence and ordering discovery that is beyond the scope of discovery under the Texas Rules of Civil Procedure, and that the relator lacks an adequate appellate remedy. We lift our stay order of May 29, 2019, and conditionally grant the writ of mandamus. We are confident that the trial court will promptly

4

vacate its order of April 29, 2019, and the writ will issue only if the trial court fails to do so.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on June 5, 2019
Opinion Delivered July 25, 2019

Before McKeithen, C.J., Kreger and Johnson, JJ.