

# NUMBER 13-24-00363-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE TEXAS DEPARTMENT OF PUBLIC SAFETY

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Silva**
**Memorandum Opinion by Justice Benavides[1]**

By petition for writ of mandamus, relator Texas Department of Public Safety contends that the trial court abused its "discretion by preventing clearly discoverable information" and that it lacks an adequate remedy by appeal to address this error. Relator specifically contends that the trial court erred by denying relator's motion to compel the

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

real party in interest, Cynthia Ann Gonzalez, to execute its proposed medical authorization.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am*., 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that: (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am*., 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion if its "decision is 'so arbitrary and unreasonable as to amount to a clear and prejudicial error of law'" or if it errs "in 'determining what the law is or applying the law to the facts,' even when the law is unsettled." *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 247 (Tex. 2021) (orig. proceeding) (cleaned up) (quoting first *Walker*, 827 S.W.2d at 839, then *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135). We determine whether an adequate appellate remedy exists by weighing the benefits of mandamus review against the detriments in a fact-specific inquiry. *In re Acad., Ltd.*, 625 S.W.3d 19, 32 (Tex. 2021) (orig. proceeding). A party lacks an adequate remedy by appeal when "it has effectively been denied a reasonable opportunity to develop a defense that goes to the heart of its case" and when "a reviewing court will be unable to evaluate the effect of the trial court's denial of discovery." *In re K & L Auto Crushers, LLC*, 627 S.W.3d at 256. "If an appellate court cannot remedy a trial court's discovery error, then an adequate appellate remedy does not exist." *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, Gonzalez's response, relator's reply thereto, and the applicable law, is of the opinion that relator has not met its burden to obtain relief in this original proceeding. Accordingly, we deny the petition for writ of mandamus.

GINA M. BENAVIDES
Justice

Delivered and filed on the
29th day of August, 2024.