**TEXAS EDUCATION AGENCY, Relator,**

v.

**Honorable Marsha ANTHONY, Respondent.**

**No. C–4738.**

Supreme Court of Texas.

Nov. 27, 1985.

---

Jim Mattox, Atty. Gen., Kevin T. O'Hanlon and Elizabeth R. Todd, Asst. Attys. Gen., Austin, Earl Luna, Dallas, for relator.

F. James Wunderlich, Jeffrey A. Davis, Anthony D. Sheppard, W. Robert Brown, Robert B. Hinsley, Reynolds, Allen and Cook, Harpond, McDonald & Fitzgerald, Miller, Keeton, Bristow & Brown, Jonathan C. Hantke, Houston, for respondent.

**PER CURIAM.**

This original mandamus proceeding arises from the discovery phase of the litigation over the no pass, no play rule. On October 31, 1985, Judge Anthony signed an order directing over one thousand public school districts in this state to provide detailed statistical information to the Texas Education Agency (TEA) concerning the racial backgrounds of students declared ineligible for extracurricular activities under the rule based upon academic performance in the initial grading period of the 1985–86 school year. We find that Judge Anthony's order fails to comply with the requirements of Tex.R.Civ.P. 167(4), and, without hearing oral argument, conditionally grant the writ. Tex.R.Civ.P. 483.

Judge Anthony's order of October 31 directed more than one thousand nonparty public school districts to produce information in the form of three statistical tables to the TEA on or before November 12. This order was issued without any prior notice to the nonparty school districts.

Rule 167(4) permits a trial court to order a nonparty to produce documents and tangible things for inspection in the course of pretrial discovery. The rule requires, however, that any such order "shall be made only after the filing of a motion setting forth with specific particularity the request, necessity therefor and *after notice and hearing.* All parties and the nonparty shall have the opportunity to assert objections at the hearing." (emphasis added).

Because the nonparty school districts were not provided with notice and a hearing, Judge Anthony's order of October 31 is contrary to Rule 167(4). Accordingly, without hearing oral argument, we conditionally grant the writ of mandamus. Tex.R.Civ.P. 483. The writ of mandamus will issue only if Judge Anthony fails to rescind her order of October 31.