

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-24-00456-CV

**IN RE** Joe D. **GONZALES**, Relator

Original Proceeding[1]

PER CURIAM

Sitting:   Rebeca C. Martinez, Chief Justice
          Liza A. Rodriguez, Justice
          Lori Massey Brissette, Justice

Delivered and Filed: October 23, 2024

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

In this original proceeding, relator Joe D. Gonzales ("Gonzales") asserts the trial court abused its discretion when it ordered the District Attorney's Office—a non-party to the underlying proceeding—to produce body camera footage, without serving it with notice or a subpoena prior to the entry of the order compelling production.[2] We agree and conditionally grant relator's petition for writ of mandamus.[3]

---

[1] This proceeding arises out of Cause No. 2024-CI-09317, styled *Allen Wrench Handyman & Renovation Services, Inc. v. Jorge I. Fernandez*, pending in the 288th Judicial District Court, Bexar County, Texas, the Honorable Mary Lou Alvarez presiding.

[2] The order directed the "San Antonio District Attorney's Office" to produce the footage, but no such office exists. The order was forwarded to Assistant District Attorney Brittany Malloy, of the Bexar County District Attorney's Office on July 8, 2024. Relator is the Bexar County District Attorney.

[3] This court requested responses from the real party in interest and the respondent, but neither submitted a response.

## BACKGROUND

In the underlying matter, Allen Wrench Handyman & Renovation Services, Inc. ("Allen Wrench") is suing Jorge I. Fernandez ("Fernandez") over the alleged failure to pay for home renovation services provided by Allen Wrench.[4] The District Attorney's Office is not a party in the underlying matter.

On November 8, 2024, officers from the San Antonio Hill Country Village Police Department were called to the Fernandez home while representatives from Allen Wrench were on the property. On June 12, 2024, the trial court ordered the District Attorney's Office to "produce any and all body camera/interview footage from November 8, 2023, and November 14, 2023, regarding: Jorge Fernandez, Seth Hamilton Allen, John Wayne Allen, and/or an incident occurring at 16330 Axis Trail, San Antonio, Texas 78232 that can be identified as Hill Country Police Department Incident Number 230781."[5]

## LEGAL STANDARD

"Mandamus relief is warranted when the trial court clearly abused its discretion and the relator has no adequate appellate remedy." *In re Coppola*, 535 S.W.3d 506, 508 (Tex. 2017) (orig. proceeding) (per curiam) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding)). "A trial court clearly abuses its discretion if 'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law' [or if it clearly fails] to analyze or apply the law correctly . . . ." *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 2006) (orig. proceeding) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.

---

[4] In its Second Amended Petition, Allen Wrench has asserted claims for breach of contract, fraud, conversion, quantum meruit, and violation of the Texas Prompt Pay Act, and is seeking foreclosure on a mechanic's lien, has requested declaratory relief, and has applied for a writ of sequestration.

[5] Aside from the trial court's order, the mandamus record does not reflect an additional incident on November 14, 2023.

1985), *disapproved of on other grounds by In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204 (Tex. 2009) (orig. proceeding)). "A discovery order that compels production beyond the rules of procedure is an abuse of discretion for which mandamus is the proper remedy." *In re C&J Energy Servs., Inc.*, No. 13-20-00503-CV, 2021 WL 1748090, at *4 (Tex. App.—Corpus Christi–Edinburg May 4, 2021, orig. proceeding) (mem. op.) (citations omitted). "Mandamus is appropriate to review a trial court's pre-trial discovery orders . . . " *In re Aguilar*, No. 04-13-00425-CV, 2013 WL 4501435, at *2 (Tex. App.—San Antonio Aug. 21, 2013, orig. proceeding) (mem. op.) (citing *Walker*, 827 S.W.2d at 840).

## ANALYSIS

The Texas Rules of Civil Procedure "clearly provide that in order to obtain the production of documents from a non-party, a party must serve a notice to produce documents and a discovery subpoena." *In re Guardianship of Benavides*, No. 04-13-00196-CV, 2014 WL 1494606, at *2 (Tex. App.—San Antonio Apr. 16, 2014, no pet.) (mem. op.) (citing TEX. R. CIV. P. 205.3(a)). "The notice and subpoena must be served on the non-party and on all other parties to the litigation." *Id*. (citing TEX. R. CIV. P. 205.2).

There is no dispute that the District Attorney's Office was not a party to the underlying proceeding at the time of the trial court's order. Therefore, to obtain the sought body camera footage from the District Attorney's Office, the parties must follow the applicable rules of procedure governing obtaining nonparty records. *See Texas Educ. Agency v. Anthony*, 700 S.W.2d 192, 192 (Tex.1985) (orig. proceeding) (per curiam) (conditionally granting a writ of mandamus "[b]ecause the nonparty school districts were not provided with notice and a hearing").

Neither party in the underlying proceeding sought to compel the production of the requested body camera footage by notice or service of a subpoena on the District Attorney's Office

as required by rule 205. *See* TEX. R. CIV. P. 205.1, 205.3. Accordingly, the trial court abused its discretion when it compelled production of the body camera footage. *See In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding) ("A trial court's ruling that requires production beyond what our procedural rules permit is an abuse of discretion.").

## CONCLUSION

Based on the foregoing, we conclude the trial court abused its discretion when it compelled production from a non-party in violation of Rule 205 of the Texas Rules of Civil Procedure. Therefore, we conditionally grant the writ of mandamus and direct the trial court to vacate the portion of its June 12, 2024 order directing the District Attorney's Office to "produce any and all body camera/interview footage from November 8, 2023, and November 14, 2023, regarding: Jorge Fernandez, Seth Hamilton Allen, John Wayne Allen, and/or an incident occurring at 16330 Axis Trail, San Antonio, Texas 78232 that can be identified as Hill Country Police Department Incident Number 230781." The writ will issue only if the trial court fails to vacate this order within fifteen days from the date of our opinion and order.

PER CURIAM